**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                No. 01-4736

MICHAEL LEE GREEN, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-106)

Submitted: April 23, 2002

Decided: May 22, 2002

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Green was sentenced as an armed career criminal, 18 U.S.C.A. § 924(e) (West 2000), to a term of fifteen years imprisonment after he pled guilty to being a felon in possession of ammunition, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Green appeals his sentence, alleging that the district court erred in sentencing him as an armed career criminal. We affirm.

Section 924(e)(1) provides that a defendant convicted of a weapons offense under § 922(g) shall receive a minimum fifteen-year sentence if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." A "violent felony" is defined as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or otherwise "presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2)(B). To determine whether a prior felony is a "violent felony" when the offense is not one of those enumerated in § 924(e)(2)(B)(ii) and does not have as an element the use, attempted use, or threatened use of force, the sentencing court must use a categorical approach. That is, the court may consider only the fact and statutory definition of the prior offense, not the underlying facts, to decide whether the offense, by its nature, creates a serious risk of injury to another. *United States v. Hairston*, 71 F.3d 115, 117 (4th Cir. 1995). Green had prior felony convictions for breaking and entering, robbery with a dangerous weapon, and fleeing/eluding arrest with a motor vehicle, all of which occurred on separate occasions.

We find first that the armed career criminal sentence did not violate the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory max-

imum must be submitted to a jury, and proved beyond a reasonable doubt"). *See United States v. Sterling*, ___ F.3d ___, 2002 WL 369969 (4th Cir. Mar. 8, 2002).

Green also contends that the district court failed to use the required categorical approach in determining that his conviction for fleeing/eluding arrest with a motor vehicle was a violent felony because it did not take judicial notice of the statutory definition of the offense. We disagree. Because the offense is not one of those enumerated in § 924(e)(2)(B)(ii) and does not have the use of force as an element,* the district court correctly proceeded under the "otherwise" clause of § 924(e)(2)(B). The court determined that the offense in the abstract creates a serious potential risk of injury to others. Green contends that the court erred in that it did not hear evidence concerning the statutory definition or take judicial notice of the statutory definition. While such evidence no doubt could be needed with respect to some offenses, in this case we find no error in the district court's method of determining that fleeing/eluding police with a motor vehicle presents a serious risk of injury to another. The risk is obvious.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Section 20-141.5(a) of N.C. Gen. Stat. (1999) provides: "It shall be unlawful for any person to operate a motor vehicle . . . while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties."